UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TYJUAN SAFFOLD,

        Plaintiff,

        v.

JAANEIL THAXTON, et al.,

        Defendants.

No. 25 CV 12797

Judge Manish S. Shah

MEMORANDUM OPINION AND ORDER

Plaintiff TyJuan Saffold was a public-school student when the school's culture specialist, defendant Jaaneil Thaxton, physically restrained him. Saffold brought unreasonable seizure and willful and wanton claims against Thaxton. He also brought a § 1983 claim for *Monell* liability against defendant Noble Network of Charter Schools, a state-law willful and wanton conduct claim against defendant-principal Tina Ellis, and state-law claims for respondeat superior and indemnification against Noble. Defendants Noble and Ellis move to dismiss all claims against them. For the reasons discussed below, the motion is granted.

## I.    Legal Standards

Federal Rule of Civil Procedure 12(b)(6) governs dismissals based on failure to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (quoting Fed. R. Civ. P. 8(a)(2)). The complaint must contain

"sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating a complaint's sufficiency, courts "accept as true all well-pled facts and make any reasonable inferences in the non-movant's favor." *Brant v. Schneider Nat'l, Inc.*, 43 F.4th 656, 664 (7th Cir. 2022). However, I disregard "[t]hreadbare recitals" supported only by conclusory statements. *Iqbal*, 556 U.S. at 678.

## II.    Background

Defendant Noble Network of Charter Schools runs DRW College Prep in Chicago. [1] ¶ 7.[1] In May 2024, plaintiff TyJuan Saffold was an eleventh-grade student at DRW, [1] ¶ 7, defendant Tina Ellis was the principal at DRW, [1] ¶ 11, and defendant Jaaneil Thaxton was employed by Noble as a culture specialist, [1] ¶ 13. Thaxton was responsible for creating and maintaining a positive culture at DRW. [1] ¶ 14.

The Illinois Administrative Code prohibits the use of physical restraint when a student's behavior does not present an imminent danger of serious physical harm to the student or others. [1] ¶ 16. In September 2023, defendant Thaxton physically restrained and held a student against a locker in order to retrieve a hall pass from the student. [1] ¶ 20. In October 2023, Thaxton physically restrained a student by

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from the complaint, [1].

lifting the student off the ground, releasing the student only after another staff member intervened. [1] ¶ 21. Noble was aware of these incidents. [1] ¶ 22.

In May 2024, Thaxton ordered Saffold to remove his wireless earbuds. [1] ¶ 24. As Saffold was in the process of complying, Thaxton forcibly removed one of the earbuds from plaintiff's ear. [1] ¶ 24. Thaxton then repeatedly pushed and shoved Saffold into a row of lockers and threatened to body slam him. [1] ¶ 25. Thaxton physically restrained plaintiff in the bathroom and violently moved plaintiff around the bathroom by his neck. [1] ¶¶ 26–28. Saffold did not commit, or attempt to commit, an act that would present an imminent danger. [1] ¶ 31. As a result of Thaxton's conduct, plaintiff was physically injured and suffered emotional trauma. [1] ¶ 36.

Plaintiff filed a six-count complaint alleging § 1983 and state-law offenses against Thaxton, Ellis, and Noble. Defendants Ellis and Noble move to dismiss all four counts brought against them for failure to state a claim.

## III. Analysis

### A. *Monell* Claim

With respect to Count III, defendants argue that the complaint fails to plead sufficient facts to establish entity liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). [11] at 4–8. Three types of action support *Monell* liability: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Thomas v. Neenah Joint*

3

*Sch. Dist.*, 74 F.4th 521, 524 (7th Cir. 2023) (quoting *Spiegel v. McClintic*, 916 F.3d 611, 617 (7th Cir. 2019)).

Saffold's § 1983 claim against Noble, an operator of public charter schools, is governed by the municipal liability standards set forth in *Monell. See, e.g.*, *Cielak v. Nicolet Union High Sch. Dist.*, 112 F.4th 472, 477 (7th Cir. 2024) (noting that claims against a public high school and school district were claims against municipal entities and thus proceeding under *Monell*); *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1188 (10th Cir. 2010) (principles of municipal liability apply to charter schools); 105 ILCS 5/27A-5(a) (a charter school is a public school).

Saffold argues that his complaint adequately alleges the second line of *Monell* liability: a widespread practice. [23] at 3–5. According to plaintiff, the three alleged instances of physical restraint used by Thaxton—including the present incident—are sufficient to suggest a de facto policy. But allegations of "a few sporadic examples of an improper behavior" do not permit a reasonable inference "that the practice is widespread and that the specific violations complained of were not isolated incidents." *Thomas*, 74 F.4th at 524 (citations omitted). This is particularly true where all three incidents were committed by the same employee. *See, e.g.*, *Flores v. City of South Bend*, 997 F.3d 725, 733 (7th Cir. 2021) (concluding that a complaint offering three examples of one officer speeding did not plausibly suggest that the city had a widespread practice of allowing officers to speed).

Plaintiff cites *Gaines v. Chicago Board of Education*. 2020 WL 1182767 (N.D. Ill. Mar. 12, 2020), for the proposition that alleging several incidents with a single

staff member is sufficient to plead *Monell* liability. [23] at 4. But the plaintiff in *Gaines* did more than assert the existence of a de facto policy through a few allegations of past conduct. The complained-of conduct in *Gaines*—striking the student with a belt—was the subject of an investigative report documenting many allegations of such beatings across the school system. 2020 WL 1182767, at *3. Further, the complained-of conduct was not limited to one employee. *Id.* at 1.

Here, by contrast, Saffold has neither pointed to a pattern of inadequate discipline of staff members nor pled facts consistent with a widespread practice of unlawfully restraining students.[2] Plaintiff has provided "the time, place, and specific facts" of Thaxton's prior use of physical restraint, [23] at 4, but three isolated incidents fails to plausibly allege that Noble has a widespread practice of using excessive physical restraint against students. *See Thomas*, 74 F.4th at 525; *Howell v. Wexford Health Servs.*, 987 F.3d 647, 654 (7th Cir. 2021).

Count III is dismissed with prejudice. "Ordinarily … a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend [his] complaint before the entire action is dismissed." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2019). But here, Saffold has not explained how he would amend his

---

[2] Saffold does allege that Noble failed to comply with the Illinois Administrative Code. [1] ¶ 56. He argues that these failures exhibit Noble's deliberate indifference to the rights of students. [23] at 5. While this may be true, a claim under the second line of *Monell* liability fails as a matter of law where the plaintiff cannot show that there is a widespread practice. *See Palka v. City of Chicago*, 662 F.3d 428, 435 (7th Cir. 2011). And three incidents "do not amount to a widespread practice." *Id.* (quoting *Est. of Moreland v. Dieter*, 395 F.3d 747, 760 (7th Cir. 2005)).

complaint to allege a plausible *Monell* theory against Noble. Instead, Saffold insists that three instances of misconduct by Thaxton suffice. Amendment would be futile.

## B.  State-Law Claims

Defendants next move to dismiss Safford's state-law tort claims against Ellis. Defendants argue that Ellis is entitled to absolute immunity under Section 2-201 of the Illinois Tort Immunity Act. In the alternative, they argue that Saffold's claims are barred by Section 3-108. [11] at 8–13.

The Tort Immunity Act is an affirmative defense. *Wright v. Gurnee Park Dist.*, 278 N.E.3d 1, 14 (Ill. App. Ct. 2025). Plaintiff does not need to plead around an affirmative defense in his complaint. *See Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016). But dismissal is nevertheless appropriate where the factual allegations in a complaint unambiguously establish all the elements of the defense. *See id.*

Section 2-201 states that "a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." 745 ILCS 10/2-201.

Here, the complaint contains sufficient details to conclude that defendant Ellis's actions were "both a determination of policy and an exercise of discretion." *See Valentino v. Hilquist*, 337 Ill.App.3d 461, 472 (1st Dist. 2003). In opposing defendants' motion to dismiss, plaintiff does not dispute that Ellis occupied a discretionary, policy-making role. And nor could he. The conduct and administrative decisions he

challenges in the complaint concern supervision, training, discipline, and employment—tasks requiring the exercise of discretion unique to her role as principal. [1] ¶ 67. *See Valentino*, 337 Ill.App.3d at 473.

Saffold instead argues that Section 2-201 does not immunize conduct that is willful and wanton. [23] at 6. While it is true that Section 3-108 includes a carveout for willful and wanton supervision, the plain language of Section 2-201 is unambiguous: "That provision does not contain an immunity exception for willful and wanton misconduct." *In re Chicago Flood Litig.*, 176 Ill.2d 179, 196 (1997); *see also Andrews v. Metro. Water Reclamation Dist.*, 160 N.E.3d 895, 905 (Ill. 2019). Defendant Ellis is absolutely immune from liability for the discretionary policy decisions she made in her role as principal. Count IV is dismissed.

Plaintiff's derivative claims for respondeat superior and indemnification likewise fail. Absent a viable tort claim against Ellis, there can be no respondeat superior against Noble. *See, e.g., Bagent v. Blessing Care Corp.*, 224 Ill.2d 154, 163 (2007). Noble similarly cannot be liable for indemnification where its employee is not liable. *See* 745 ILCS 10/2-109.

The state-law claims against defendants Ellis and Noble (with respect to Ellis) are dismissed with prejudice.[3] Amendment would be futile where Ellis's challenged conduct is shielded by absolute immunity.

---

[3] Plaintiff's respondeat superior and indemnification claims are dismissed with prejudice insofar as they are based on Ellis's allegedly tortious conduct. To the extent they are based on tortious conduct committed by defendant Thaxton, they remain in the case and Noble continues to be a defendant.

## IV.    Conclusion

Defendants' motion to dismiss, [10], is granted. Counts III and IV are dismissed with prejudice. Counts V and VI are dismissed with prejudice insofar as they relate to torts committed by Ellis.


ENTER:

Date: July 16, 2026

Manish S. Shah
United States District Judge